UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON FAUST, #788816,

        Plaintiff,

v.

UNKNOWN PANNELL,

        Defendant.

_____/

Hon. Phillip J. Green

Case No. 1:22-cv-867

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 25). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment (ECF No. 6, 34). 28 U.S.C. § 636(c)(1). For the reasons articulated herein, Defendant's motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility. The events giving rise to this action occurred while Plaintiff was incarcerated at the Earnest C. Brooks Correctional Facility. In his complaint (ECF No. 1) Plaintiff alleges the following.

-1-

On February 12, 2022, Plaintiff asked Corrections Officer Unknown Pannell for cleaning supplies.   Pannell escorted Plaintiff to a closet where the requested supplies were located.   After Plaintiff stepped into the closet to retrieve supplies, Pannell "stepped in also [and] shut the door."   Pannell then exposed himself and instructed Plaintiff to "suck this or I'm [going to] make your life hell around this bitch."   Plaintiff refused Pannell's advances.   Two days later, Plaintiff, unsatisfied with his inability to learn why he was still housed in COVID quarantine, used his food trays to block his cell door.   Pannell responded by repeatedly kicking Plaintiff in retaliation for refusing Pannell's sexual advances.

Plaintiff alleges that Pannell violated his Eighth Amendment rights by sexually assaulting him and later kicking him repeatedly.   Plaintiff further alleges that Pannell repeatedly kicked him in retaliation for refusing his sexual advances in violation of his First Amendment rights.   Defendant Pannell now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to

such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.  MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).  The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

A.      February 14, 2022 Incident

As noted above, Plaintiff alleges that, on February 14, 2022, Defendant Pannell kicked him repeatedly in violation of his First and Eighth Amendment rights. Defendant has submitted evidence demonstrating that of the grievances Plaintiff pursued through Step III prior to initiating the present action none concerned the events allegedly occurring on February 14, 2022.  (ECF No. 26-3, PageID.125-42).  Plaintiff responds that he did, in fact, properly exhaust these claims via Grievance LRF-22-02-0253-26a.  (ECF No. 27).  While this grievance does concern the events in question,

(ECF No. 30-2, PageID.165-70), it fails to properly exhaust Plaintiff's claims arising from such.

While Plaintiff pursued this grievance through all three steps of the grievance process, he did not submit his Step III grievance until October 3, 2022, two weeks *after* initiating the present action. (ECF No. 26-3, PageID.127; ECF No. 30-2 at PageID.165-70). It is well established, however, that a prisoner must complete the prison grievance process prior to initiating action in federal court. *See, e.g., Barnett v. Laurel County, Kentucky*, 2017 WL 11640119 at *2 (6th Cir., Dec. 12, 2017) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)).

Plaintiff has presented no additional argument or evidence that he properly exhausted his claims arising from the February 14, 2022 incident. Accordingly, the Court finds that Defendant has satisfied his burden of establishing that Plaintiff failed to properly exhaust his claims arising from the events of February 14, 2022.

B.      February 12, 2022 Incident

Plaintiff alleges that on this date, Defendant Pannell sexually assaulted him in a supply closet. Relying on the evidence cited above, Defendant argues that Plaintiff has likewise failed to exhaust any claims arising from this incident.

MDOC Policy defines "sexual abuse of a prisoner" as "[a]ny attempt, threat or request by an employee to engage in" sexual contact or activity. MDOC Policy Directive 03.03.140 ¶ S (Apr. 5, 2021). This Policy further provides that "[t]he MDOC has eliminated the administrative grievance procedure for addressing prisoner grievances

regarding sexual abuse." *Id.* at ¶ VV.  Furthermore, if a prisoner uses the prisoner grievance system to report an allegation of sexual abuse, "the facility Grievance Coordinator shall forward the sexual abuse allegation to the facility PREA Coordinator for further handling. . .and the sexual abuse grievance shall be removed from the grievance process." *Id.*

Plaintiff has presented evidence that he filed a "regular" prison grievance regarding his alleged sexual assault by Defendant Pannell.  (ECF No. 30-1, PageID.163).  Plaintiff has also presented evidence that, consistent with the policy quoted immediately above, this grievance was "removed from the grievance process and forwarded to the PREA Coordinator. . .for further handling."  (*Id.* at PageID.162).  In other words, Plaintiff submitted a grievance regarding the events in question, which was subsequently transformed into a PREA grievance.  Defendant's reliance on evidence regarding the normal prison grievance process is simply irrelevant to the question whether Plaintiff properly exhausted a PREA grievance.  On this question, Defendant offers neither evidence nor argument.  The Court concludes, therefore, that Defendant has failed to satisfy his burden to demonstrate that Plaintiff has not properly exhausted his administrative remedies as to this claim.

## CONCLUSION

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 25) is hereby granted in part and denied in part.   Specifically, Plaintiff's claims arising from the events of March 14, 2022, shall be dismissed for failure to exhaust administrative remedies.   Plaintiff's Eighth Amendment claim arising from the alleged events of March 12, 2022, however, shall proceed forward.

Date: March 12, 2024                                     /s/ Phillip J. Green
                                                                     PHILLIP J. GREEN
                                                                     United States Magistrate Judge